NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**RONALD D. GILBERT,**

*Claimant-Appellant,*

v.

**ERIC K. SHINSEKI, SECRETARY OF VETERANS AFFAIRS,**

*Respondent-Appellee.*

---

2012-7006

---

Appeal from the United States Court of Appeals for Veterans Claims in case no. 10-0705, Judge Lawrence B. Hagel.

---

## ON MOTION

---

Before LOURIE, SCHALL, and DYK, *Circuit Judges.*

PER CURIAM.

## ORDER

Upon review of the briefs, the court determines whether this appeal should be dismissed for lack of jurisdiction.

Ronald D. Gilbert served on active duty in the United States Army from October 1976 to October 1977. He appeals from a decision of the United States Court of Appeals for Veterans Claims (Veterans Court) that affirmed a decision by the Board of Veterans' Appeals denying Gilbert entitlement to benefits for hypertension and declining to reopen Gilbert's previously-denied claim regarding benefits for schizophrenia.

Our jurisdiction to review decisions of the Veterans Court is limited by statute. Under 38 U.S.C. § 7292(a), this court has jurisdiction over rules of law or the validity of any statute or regulation, or an interpretation thereof relied on by the court in its decision. This court may also entertain challenges to the validity of a statute or regulation, and may interpret constitutional and statutory provisions as needed for resolution of the matter. 38 U.S.C. § 7292(c). In contrast, except where an appeal presents a constitutional question, we lack jurisdiction over challenges to factual determinations or laws or regulations as applied to the particular case. 38 U.S.C. § 7292(d)(2).

Gilbert asks this court to account for the evidence and provide reasons for rejecting evidence favorable to him. These are purely factual issues. Also, Gilbert asserts that the Veterans Court decided constitutional issues and identifies the Board's determination that his August 2005 statement was cumulative as such, but this too is a factual issue, not a constitutional one. As such, this court lacks jurisdiction to review the issues presented in Gilbert's appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.

FOR THE COURT

JUL 3 1 2012                          /s/ Jan Horbaly
        Date                          Jan Horbaly
                                      Clerk


cc:  Ronald D. Gilbert
     K. Elizabeth Witwer, Esq.

s23

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JUL 3 1 2012

JAN HORBALY
CLERK